IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARDA YILMAZ,<br>   Petitioner,<br><br>   v.<br><br>Warden of Federal Detention Center Philadelphia; MICHAEL ROSE, in his official capacity as Acting Field Office Director of the Immigration and Customs Enforcement and Removal Operations Philadelphia Field Office; TODD LYONS, in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, and PAMELA BONDI, US Attorney General,<br>   Respondents. | CIVIL ACTION NO. 25-6572 |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                   **December 2, 2025**

   Petitioner Arda Yilmaz has filed a Petition for Writ of Habeas Corpus in which he seeks release from detention imposed by the Department of Homeland Security ("DHS") pursuant to the Immigration and Nationality Act ("INA").[1] Yilmaz argues that his detention violates federal law because it rests upon an unlawful interpretation of 8 U.S.C. § 1225(b)(2) and denies him due process. The Court agrees that Yilmaz cannot be subject to mandatory detention under

---

[1] *See* 28 U.S.C. § 2241.

§ 1225(b)(2) because he has resided in the United States for an extensive period and is thereby not an "applicant for admission." The Petition will be granted.

I. **BACKGROUND**

Arda Yilmaz is a twenty-year-old citizen of Turkey who came to the United States to seek asylum based on religious persecution in his homeland.[2] He arrived in the United States without inspection by an immigration officer on December 9, 2023.[3] On December 12, 2023, he was released on recognizance and received a Notice to Appear in Removal Proceedings before an immigration judge on July 22, 2025.[4] Yilmaz applied for asylum on May 8, 2024.[5]

While his asylum application was pending, Yilmaz was detained by Immigration and Customs Enforcement ("ICE") at the Philadelphia Field Office on November 17, 2025, while he was complying with ICE reporting requirements.[6] ICE detained Yilmaz pursuant to a new DHS policy.[7] Under the policy, "individuals 'present in the United States without admission or parole' are now treated as 'applicants for admission' subject to mandatory detention under § 1225(b)(2) rather than discretionary detention under § 1226(a)."[8] The Board of Immigration Appeals ("BIA") endorsed this interpretation in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A.

---

[2] Petition ¶¶ 1, 4 [Doc. No. 1].

[3] Petition ¶ 3 [Doc. No. 1]; Notice to Appear [Doc. No. 1-3 at 3].

[4] Petition ¶ 2 [Doc. No. 1]; Order of Release on Recognizance [Doc. No. 1-3 at 2]; Notice to Appear [Doc. No. 1-3 at 3].

[5] Petition ¶ 4 [Doc. No. 1]; USCIS Asylum Application Receipt [Doc. No. 1-4].

[6] Mtn. Order Show Cause ¶ 4 [Doc. No. 4]; Gov't Response at 2 [Doc. No. 12]. Yilmaz does not dispute the government's statement in its Response that he was detained on November 17, 2025.

[7] Petition ¶¶ 30-32 [Doc. No. 1].

[8] Petition ¶¶ 30-32 [Doc. No. 1]; *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025) (quoting *Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025)).

2025).[9] A removal hearing date has not yet been scheduled for Yilmaz.[10] Yilmaz has no record of arrest in the United States or anywhere in the world.[11]

On November 20, 2025, Yilmaz filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[12] The Court thereafter entered Yilmaz's motion directing the government to show cause why his Petition should not be granted, and scheduled a hearing thereon for December 9, 2025.[13] Thereafter, the parties jointly requested that the Court cancel the December 9 hearing and decide the case on the briefs.[14] The Court approved this request.[15] The case is fully briefed and ripe for disposition.

## II.    LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 motion where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[16] It is the petitioner's burden to show that the detention violates the Constitution or federal law.[17]

## III.    DISCUSSION

The facts and issues presented in Yilmaz's Petition are not novel. As the government notes, numerous petitions have been filed by recently detained individuals who, like Yilmaz, had been residing in the United States while their asylum applications were pending.[18] The

---

[9] Petition ¶ 31 [Doc. No. 1].

[10] Petition ¶ 5 [Doc. No. 1].

[11] Petition ¶ 6 [Doc. No. 1]; A-File Jacket Starter [Doc. No. 1-3 at 1].

[12] Petition [Doc. No. 1].

[13] Pet.'s Mtn. Show Cause [Doc. No. 4]; 11/25/25 Order [Doc. No. 5].

[14] Joint Stipulation [Doc. No. 8].

[15] 11/26/25 Order [Doc. No. 11].

[16] 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citations and quotation marks omitted)).

[17] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[18] *See, e.g., Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188388 (E.D. Pa. Nov. 14, 2025); *Demirel v. Fed. Det. Ctr.*, No. 25-5488, 2025

overwhelming majority of those petitions were granted.[19] Among those cases is *Centeno Ibarra v. Warden of the Federal Detention Center*[20]*,* in which this Court granted the § 2241 petition on November 25, 2025.

The government invokes the same arguments here as it did in *Centeno Ibarra*. It argues that the Petition is unreviewable because the Court lacks jurisdiction based on 8 U.S.C. § 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii), and because Yilmaz did not exhaust administrative remedies.[21] The government also argues that the Petition fails on the merits because, under § 1225(b)(2)(A), Yilmaz qualifies as "an alien who is applicant for admission" who is subject to mandatory detention in advance of removal proceedings.[22] The Court is not persuaded by those arguments.

Yilmaz's Petition is reviewable. As in *Centeno Ibarra*, the jurisdiction-stripping provisions in § 1252 do not apply because Yilmaz challenges his detention rather than the initiation of removal proceedings, because Yilmaz cannot obtain relief for his detention following a final order regarding removal, and because Yilmaz's detention is not the byproduct of a discretionary determination.[23] Further, as explained in *Centeno Ibarra*, Yilmaz's failure to exhaust administrative remedies does not preclude the Court's review since the issue presented is

---

WL 3218243 (E.D. Pa. Nov. 18, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025).

[19] *See Demirel*, 2025 WL 3219243 at *1 (observing that, as of November 18, 2025, 282 of the 288 district court decisions addressing whether all noncitizens are subject to mandatory detention under 8 U.S.C. § 1225 had rejected that proposition and granted petitions for release). Each of the petitions in the cases identified in note 18 has been granted.

[20] No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025)

[21] Gov't Response at 7-13 [Doc. No. 12].

[22] Gov't Response at 13-22 [Doc. No. 12].

[23] *See Centeno Ibarra*, 2025 WL 3294726, at *2-3.

4

one of statutory construction and since further administrative proceedings would be futile given the BIA's decision in *Hurtado*.[24]

On the merits, the Court rejects the government's interpretation of § 1225(b)(2). The plain language of that provision, read in context of the INA's statutory scheme, demonstrates that an "applicant for admission" who is "seeking admission" refers to a noncitizen arriving in the country, not one who has resided in the country for an extended period.[25] Instead, the detention of noncitizens like Yilmaz who have been long-present in the United States is governed by § 1226(a), which entitles them to a bond hearing before continued detention is permitted.[26] Section 1226(a)'s predominance over § 1225(b)(2) in this case is confirmed by the titles of those provisions, past agency practice, the rule against superfluity, and the canon of constitutional avoidance.[27]

Accordingly, just as in *Centeno Ibarra*, Yilmaz's detention would be lawful only if he were provided a bond hearing and the facts showed that he was likely to flee or harm his community.[28] The facts here show precisely the opposite. Yilmaz has no criminal history in the United States or any other country, and nothing in the record suggests that he poses a flight risk or is dangerous.[29] Because a bond hearing is unnecessary, the Court will order Yilmaz's immediate release.

---

[24] *See id.* at *3.

[25] *See id.* at *5.

[26] *See id.* at *5-7.

[27] *Id.*

[28] *See id.* at *8 n.69.

[29] Petition ¶ 6 [Doc. No. 1]; A-File Jacket Starter [Doc. No. 1-3 at 1].

## IV.  CONCLUSION

Because, as in *Centeno Ibarra*, Petitioner Arda Yilmaz was subject to unlawful mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2), the Court will grant his Petition. An order will follow.