IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARDA YILMAZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>Warden of Federal Detention Center Philadelphia; MICHAEL ROSE, in his official capacity as Acting Field Office Director of the Immigration and Customs Enforcement and Removal Operations Philadelphia Field Office; TODD LYONS, in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, and PAMELA BONDI, US Attorney General,<br><br>　　　　Respondents. | CIVIL ACTION NO. 25-6572 |

## ORDER

**AND NOW,** this 2nd day of December, 2025, upon consideration of Arda Yilmaz's Petition for Writ of Habeas Corpus [Doc. No. 1], and for the reasons stated in the accompanying Memorandum Opinion, it is **ORDERED** that the Petition is **GRANTED** as follows:

1. Yilmaz is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2. The Government shall **RELEASE** Yilmaz from custody immediately and certify compliance with the Memorandum Opinion and Order by filing an entry on the docket no later than 12:00 p.m. ET on December 3, 2025;

3. The government is temporarily enjoined from re-detaining Yilmaz for seven days following his release from custody;

4. If the government chooses to pursue re-detention of Yilmaz after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

5. Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Yilmaz from the Commonwealth of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Yilmaz is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the Court to move Yilmaz if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Yilmaz.

                                **BY THE COURT:**

                                **/s/ Cynthia M. Rufe**
                                **CYNTHIA M. RUFE, J.**